IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TOMMY MCFARLAND ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-2334 |
| vs. ) | |
| ) | Hon. Colin S. Bruce |
| BRENDAN KELLY, in his official ) | |
| capacity as Director of the ) | |
| Illinois State Police, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Brendan Kelly, in his official capacity as Director of the Illinois State Police, by and through his attorney, Kwame Raoul, Illinois Attorney General, responds to Plaintiff's complaint as follows:

**Nature of the Case**

1. Pursuant to the Illinois Sex Offender Registration Act (730 ILCS 150/1 *et seq.*), individuals who have been convicted of certain sex offenses are required to register as sex offenders for a period of ten years following their conviction or discharge from the Illinois Department of Corrections.

**ANSWER:** Defendant admits the allegations of this paragraph.

2. The Sex Offender Registration Act requires the Director of the Illinois State Police (hereinafter "the Director") to extend this registration period for an additional ten years if an individual "fails to comply" with any aspect of his registration requirement. 730 ILCS 150/7; 20 Ill. Adm. Code § 1280.40(a).

**ANSWER:** **Defendant admits that Section 150/7 of the Sex Offender Registration Act, 730 ILCS 150/7, provides that "[t]he Director of State Police, consistent with administrative rules, shall extend for 10 years the registration period of any sex offender, as defined in Section 2 of this Act, who fails to comply with the provisions of this Article." Defendant denies any remaining allegations of this paragraph.**

3.     Neither the Sex Offender Registration Act nor the Illinois Administrative Code provides any guidance on how the Director is to determine whether an individual has "failed to comply" with the registration requirement. The law does not require the Director to consider evidence, await the outcome of criminal proceedings, or give the registrant any opportunity to contest an allegation that he failed to comply with the Registration Act.

**ANSWER:** **Defendant denies the allegations of the first sentence of this paragraph. Defendant admits that the Director may extend the registration period of a sex offender who has failed to comply with the Registration Act without awaiting the outcome of criminal proceedings, and denies the remaining allegations of the second sentence of this paragraph.**

4.     As a matter of policy and practice, the Director automatically extends registration for ten years whenever a local registration authority *(i.e.,* the police department in the jurisdiction where the registrant resides) changes an individual's registration status to "location unknown" or "non-compliant."

**ANSWER:** **Defendant denies the allegations of this paragraph.**

5.     There is no formal mechanism for an individual whose registration period has been extended to challenge the extension of his registration if the local registration authority has changed his status to "non-compliant" or "location unknown" in error.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

6.  Plaintiff Tommy McFarland has never been convicted of any violation of the Sex Offender Registration Act. The Director has nonetheless twice extended his registration period for ten years (once in 2012 and again in 2019) based on unproven allegations that he failed to register a change in his residential address. Plaintiff has not been afforded any opportunity either before or after the administrative extension of his registration period to challenge the extension.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Defendant denies the remaining allegations of this paragraph.**

7.  Requiring an individual to register as a sex offender carries with it many consequences in addition to having his name, photograph, address and other identifying information listed on the state's sex offender registry, which is publicized on the Internet. These consequences include a requirement of yearly in-person registration with the police department, payment of an annual registration fee of $100, a requirement that he inform authorities if he intends to travel for more than three days, and the potential for felony prosecution, fines and imprisonment if he fails to comply with any aspect of the registration law.

**ANSWER:** **Defendant admits that registered sex offenders may have their name, photograph, address, and other identifying information listed on the state's online sex offender registry. Defendant further admits that sex offenders are subject to various requirements as set forth in the Sex Offender Registration Act, 730 ILCS 150/1,** *et seq.***, and that sex offenders who do not comply with these requirements may be subject to penalties as set forth in 730 ILCS 150/10. Defendant denies any remaining allegations of this paragraph.**

8. Plaintiff contends that 730 ILCS 150/7 and 20 Ill. Adm. Code § 1280.40(a) violate the Fourteenth Amendment guarantee of procedural due process on their face and as applied to him. Plaintiff seeks injunctive and declaratory relief for himself and the members of the proposed class.

**ANSWER:** **Defendant admits that Plaintiff challenges the constitutionality of 730 ILCS 150/7 and 20 Ill. Admin. Code § 1280.40(a) and seeks declaratory and injunctive relief. Defendant denies that the challenged provisions are unconstitutional, and denies that Plaintiff is entitled to any relief.**

## Parties

9. Plaintiff Tommy McFarland is a resident of Urbana, Illinois. McFarland is 36 years old.

**ANSWER:** **Defendant admits upon information and belief that Plaintiff was born in 1983, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

10. Brendan Kelly is the Director of the Illinois State Police. In his capacity as the director of ISP, Kelly has final authority to "extend for 10 years the registration period of any sex offender, ... who fails to comply" with any provision of the Sex Offender Registration Act. 730 ILCS 150/7. Kelly is sued in his official capacity for injunctive and declaratory relief only.

**ANSWER:** **Defendant admits that Brendan Kelly is the Director of the Illinois State Police and that Plaintiff has sued him in his official capacity for injunctive and declaratory relief only. Defendant further admits that under Section 150/7 of the Sex Offender Registration Act, 730 ILCS 150/7, "[t]he Director of State Police, consistent with administrative rules, shall extend for 10 years the registration period of any sex offender,**

as defined in Section 2 of this Act, who fails to comply with the provisions of this Article."
Defendant denies any remaining allegations of this paragraph.

### Jurisdiction and Venue

11. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 because this action arises under federal law. Specifically, this case arises under 42 U.S.C. § 1983 and alleges violations of the Fourteenth Amendment of the United States Constitution.

**ANSWER: Defendant admits that jurisdiction is proper and that Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 alleging violations of the Fourteenth Amendment of the United States Constitution. Defendant denies that he has violated Plaintiff's constitutional rights, and denies any remaining allegations of this paragraph.**

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to Plaintiff's claim occurred in this District. The challenged statute is applied to members of the proposed class throughout the State.

**ANSWER: Defendant admits the allegations of this paragraph.**

### Relevant Statutory Provisions

13. Section 7 of the Illinois Sex Offender Registration Act provides in relevant part as follows:

> Liability for registration terminates at the expiration of 10 years from the date of conviction or adjudication if not confined to a penal institution, hospital or any other institution or facility and if confined, at the expiration of 10 years from the date of parole, discharge or release from any such facility, providing such person does not, during that period, again become liable to register under the provisions of this Article. The Director of State Police, consistent with administrative rules, shall extend for 10 years the registration period of any sex offender, as defined in Section 2 of this Act, who fails to comply with the provisions of this Article.

730 ILCS 150/7.

**ANSWER:** **Defendant admits that this paragraph contains a partial quotation from 730 ILCS 150/7. Defendant denies any remaining allegations of this paragraph.**

14. The relevant part of the Illinois Administrative Code provides as follows:

> A sex offender shall register in person annually within one year after his or her last registration. Failure to comply with any provision of the Act shall extend the period of registration by ten years beyond the period otherwise required.

20 Ill. Adm. Code § 1280.40(a).

**ANSWER:** **Defendant admits that this paragraph contains a partial quotation from 20 Ill. Admin. Code 1280.40(a). Defendant denies any remaining allegations of this paragraph.**

### Facts Relevant to the Named Plaintiffs Claim

15. Plaintiff Tommy McFarland was convicted in 2003 of attempted criminal sexual assault. At the time of the offense, McFarland was 19 years old.

**ANSWER:** **Defendant, upon information and belief, admits the allegations of this paragraph.**

16. Because of this conviction, McFarland was required to register as a sex offender for a period of ten years pursuant to 730 ILCS 150/7.

**ANSWER:** **Defendant admits the allegations of this paragraph.**

17. McFarland's registration period began on November 30, 2004. Accordingly, McFarland's registration period should have ended in November 2014.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

18. In 2012, McFarland was living in Champaign, Illinois, with family and had duly

registered his residential address.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

19. A Champaign police officer came to do a "compliance check" at McFarland's registered address. McFarland was not home at the time of the check.

**ANSWER:** **Defendant admits, upon information and belief, that in 2012, a Champaign police officer visited 708 Tawney Court, Champaign, Illinois, and determined that McFarland did not live at this address. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.**

20. Based on this, Champaign police changed McFarland's status to "location unknown" on the registry.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

21. Defendant automatically extended McFarland's registration period ten years based on this event.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

22. McFarland was in fact living at the address at which he was registered, but he was provided no opportunity to prove that fact to the Illinois State Police before or after his registration period was extended.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

23. The Champaign County State's Attorney charged McFarland with failure to register but dropped the charges shortly thereafter. McFarland was not convicted of any criminal offense in connection with this registration check.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

24. McFarland continued to register annually.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

25. In May 2019, Champaign police decided to do another "compliance check" at McFarland's registered address.

**ANSWER:** **Defendant admits upon information and belief that in May 2019, Champaign police conducted an "address verification" at McFarland's registered address. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.**

26. McFarland was not at home at the time of the check.

**ANSWER:** **Defendant admits, upon information and belief, that McFarland was not present at his registered address at the time of the check.**

27. Based on this, Champaign police again changed McFarland's status to "location unknown."

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

28. Defendant automatically extended McFarland's registration period for another ten years based on this change in status.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

29. McFarland was in fact living at the address at which he was registered, but he was provided no opportunity to prove that fact to Illinois State Police.

8

**ANSWER:** **Defendant denies the allegations of this paragraph.**

30. The Champaign County State's Attorney charged McFarland with failure to register but dropped the charges shortly thereafter. McFarland was not convicted of any criminal offense in connection with this registration check.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

31. Notwithstanding this, Defendant stands by its decision to extend McFarland's registration period for an additional ten years.

**ANSWER:** **Defendant stands by the extension of McFarland's registration period and denies any remaining allegations.**

32. Because of his continued placement on the Illinois Sex Offender Registry, McFarland is subject to public opprobrium and reputational harm. In particular, his continued presence on the registry implies that he has been convicted of an offense or released from custody within the past ten years, which is untrue.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

33. Moreover, McFarland is subject to substantial deprivations of liberty, which include, but are not limited to, an annual in-person registration requirement; an annual $100 registration fee; surveillance by law enforcement personnel including "compliance checks" at his home; a requirement that he inform law enforcement if he plans to travel from his home for more than three days; a requirement that he inform law enforcement of his place of work and any changes in his employment; placement on other state's public registries if he travels to another state; and the potential for felony prosecution, fines and imprisonment if he fails to comply with any aspect of the registration law.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

### Class Allegations

34. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action for the purpose of obtaining class wide injunctive and declaratory relief.

**ANSWER:** **Defendant admits that Plaintiff seeks certification of a class, but denies that Plaintiff satisfies the requirements for class certification.**

35. The Named Plaintiff seeks to represent a class defined as follows:

- All individuals in the State of Illinois currently on the Illinois Sex Offender Registry who have criminal convictions requiring registration for a period of ten years.

**ANSWER:** **Defendant admits that Plaintiff seeks to represent a class as defined in this paragraph, but denies that Plaintiff satisfies the requirements for class certification.**

36. The proposed class is numerous. Based on information publicly available on the Illinois Sex Offender Registry, there are at least 1,500 individuals currently on the Registry whose crime of conviction requires registration for a period of ten years.

**ANSWER: Defendant admits that proposed class is numerous, but denies that any class should be certified in this case. Defendant admits the second sentence of this paragraph.**

37. Joinder of all class members is impracticable. Not only is the class very numerous, but membership in the class is expanding as additional people are convicted of offenses that require registration for a period of ten years.

**ANSWER:** **Defendant denies the allegations of this paragraph.**

38. The core questions of law and fact are common to all class members and are appropriate for resolution on a class-wide basis, including but not limited to the following:

10

- How do the Illinois State Police decide whether an individual has "fail[ed] to comply" with the Sex Offender Registration Act;

- Whether an individual whose registration period is extended pursuant to 730 ILCS 150/7 has an opportunity to contest the determination that he or she "fail[ed] to comply" with the Sex Offender Registration Act;

- What are the consequences of having one's registration period extended for ten years;

- Whether 730 ILCS 150/7 violates the Fourteenth Amendment guarantee of procedural due process on its face because it provides no procedurally safeguarded opportunity to contest the determination that one has "fail[ed] to comply" with the Sex Offender Registration Act before or after his or her registration period is extended.

**ANSWER:     Defendant denies the allegations of this paragraph.**

39.    All individuals falling within the class definitions are subject to the same statute, thus a single declaratory judgment would provide relief to each member of the class.

**ANSWER:     Defendant admits that sex offenders in Illinois are subject to the Illinois Sex Offender Registration Act, 730 ILCS 150/1 *et seq.*, and denies the remaining allegations of this paragraph.**

40.    Plaintiff McFarland will fairly and adequately represent the interests of the class; and his claims are typical of the claims of all members of the proposed class.

**ANSWER:     Defendant denies the allegations of this paragraph.**

41.    Plaintiff's counsel are experienced in civil rights litigation, including 23 (b)(2) civil rights class actions challenging aspects of Illinois' sex offender registry and related restrictions. Plaintiff's counsel will fairly and adequately represent the interests of the class.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.**

COUNT I

## 42 U.S.C. §19133
### Fourteenth Amendment — Procedural Due Process

42.     Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

**ANSWER:     Defendant restates and incorporates by reference all answers to all paragraphs above as though fully set forth herein.**

43.     Because of Defendant's enforcement of 730 ILCS 150/7, Plaintiff has been order to register as a sex offender for an additional 17 years and is currently under threat of arrest and prosecution if he fails to comply with any aspect of the registration law.

**ANSWER:     Defendant denies the allegations of this paragraph.**

44.     Placement on the sex offender registry causes reputational harm to Plaintiff. Placement on the sex offender registry also significantly alters Plaintiff's legal status and rights as described above.

**ANSWER:     Defendant denies the allegations of this paragraph.**

45.     Plaintiff has not been given an opportunity to contest the Illinois State Police's determination that he violated the registration law in any trial, hearing or other forum.

**ANSWER:     Defendant denies the allegations of this paragraph.**

WHEREFORE, Plaintiff respectfully requests that this Court:

- (a) issue a preliminary and then permanent injunction prohibiting Defendant from administratively extending registration requirements pursuant to 730 ILCS 150/7 and 20 Ill. Adm. Code § 1280.40(a) both with regard to Plaintiff and the members of the proposed class;

- (b) issue a declaratory judgment that 730 ILCS 150/7 and 20 M. Adm. Code § 1280.40(a) violate the Fourteenth Amendment guarantee of procedural due process;

- (c) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(d) grant Plaintiff any other relief the Court deems appropriate.

**ANSWER:** Defendant denies that Plaintiff is entitled to any relief, and therefore denies the allegations of this paragraph.

ANSWERING FURTHER, Defendant denies each and every allegation not heretofore answered.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief and requests that this Court dismiss Plaintiff's complaint and grant any other relief that the Court deems just.

Dated: January 27, 2021

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

/s/ *Michael T. Dierkes*

Michael T. Dierkes
Hal Dworkin
Office of the Illinois Attorney General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3672

*Counsel for Defendant*