# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TOMMY McFARLAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRENDAN KELLY, in his official capacity as Director of the Illinois State Police,<br><br>Defendant. | 2:20-cv-02334<br><br>Hon. Judge Colin J. Bruce<br>Magistrate Judge Eric I. Long |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Tommy McFarland, individually and on behalf of all others similarly situated, through counsel, complains against Defendant Brendan Kelly, in his official capacity as Director of the Illinois State Police, as follows:

### Nature of the Case

1. Pursuant to the Illinois Sex Offender Registration Act, 730 ILCS 150/1 *et seq.*, ("SORA"), individuals who have been convicted of certain sex offenses are required to register as sex offenders for a period of ten years following their conviction or discharge from the Illinois Department of Corrections. Failure to register and/or providing false registration information is a Class 3 felony. 730 ILCS 150/10.

2. The Sex Offender Registration Act requires the Director of the Illinois State Police (hereinafter "the Director") to extend this registration period for an

additional ten years if an individual "fails to comply" with any aspect of his or her registration requirement. 730 ILCS 150/7; 20 Ill. Adm. Code § 1280.40(a).

3. As a matter of policy and practice, the Director automatically extends registration for ten years whenever a local registration authority (*i.e.*, the police department in the jurisdiction where the registrant resides) changes an individual's registration status to "location unknown" or "non-compliant" in the Law Enforcement Agencies Data System ("LEADS"), the electronic database that state and local law enforcement agencies use to maintain and share information regarding registration status.

4. Prior to extending an individual's registration period, the Director does not conduct any investigation into the alleged violation of SORA, consider evidence, await the outcome of criminal proceedings, or give the registrant any opportunity to contest the allegation that he failed to comply with SORA.

5. After an individual's registration period has been extended, the registrant is not provided any meaningful opportunity to challenge the extension of his registration if he believes the local registration authority changed his status to "non-compliant" or "location unknown" in error.

6. Plaintiff Tommy McFarland has never been convicted of any violation of SORA. The Director has nonetheless extended his registration period for ten years on at least four occasions in the past six years (in 2016, 2019, 2021, and 2022) based on unproven allegations that he failed to register a change in his residential address. In each instance, Plaintiff has been denied a meaningful opportunity to

2

challenge the extension either before or after the administrative extension of his registration period.

7. Requiring an individual to register as a sex offender carries with it many consequences in addition to having his name, photograph, address and other identifying information listed on the state's sex offender registry, which is publicized on the Internet. These consequences include a requirement of yearly or quarterly in-person registration with the police department, payment of an annual registration fee of $100, a requirement that he inform authorities if he intends to travel for more than three days, and the potential for felony prosecution, fines and imprisonment if he fails to comply with any aspect of the registration law.

8. Plaintiff contends that the Illinois State Police's procedures for extending registration periods violate the Fourteenth Amendment guarantee of procedural due process as applied to Plaintiff and all other similarly situated. Plaintiff seeks injunctive and declaratory relief for himself and the members of the proposed class.

## Parties

9. Plaintiff Tommy McFarland is a resident of Champaign, Illinois. McFarland is 39 years old.

10. Brendan Kelly is the Director of the Illinois State Police. In his capacity as the director of ISP, Kelly has final authority to "extend for 10 years the registration period of any sex offender, … who fails to comply" with any provision of the Sex Offender Registration Act and to set the ISP's policies for determining whether to

3

extend registration periods. *See* 730 ILCS 150/7. Kelly is sued in his official capacity for injunctive and declaratory relief only.

## Jurisdiction and Venue

11. Jurisdiction is proper in this court pursuant to 28 U.S.C. §1331 because this action arises under federal law. Specifically, this case arises under 42 U.S.C. §1983 and alleges violations of the Fourteenth Amendment of the United States Constitution.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to Plaintiff's claim occurred in this District. The challenged policy is applied to members of the proposed class throughout the State.

## Relevant Statutory Provisions

13. Section 7 of the Illinois Sex Offender Registration Act provides in relevant part as follows:

> Liability for registration terminates at the expiration of 10 years from the date of conviction or adjudication if not confined to a penal institution, hospital or any other institution or facility and if confined, at the expiration of 10 years from the date of parole, discharge or release from any such facility, providing such person does not, during that period, again become liable to register under the provisions of this Article. … The Director of State Police, consistent with administrative rules, shall extend for 10 years the registration period of any sex offender, as defined in Section 2 of this Act, who fails to comply with the provisions of this Article.

730 ILCS 150/7.

14. The relevant part of the Illinois Administrative Code provides as follows:

4

A sex offender shall register in person annually within one year after his or her last registration. Failure to comply with any provision of the Act shall extend the period of registration by ten years beyond the period otherwise required.

20 Ill. Adm. Code § 1280.40(a).

### Defendant's Policy

15. Pursuant to ISP policy, the ISP automatically sends a letter to the registrant informing them that their registration period has been extended for ten years whenever a local registration authority (*i.e.*, the police department in the jurisdiction where the registrant resides) changes an individual's registration status to "non-compliant" in LEADS.

16. Prior to the automatic extension of an individual's registration period, the individual is not given any opportunity to be heard to contest the determination that he or she failed to comply with SORA.

17. Once an individual's registration period has been automatically extended, the mechanisms available for review of that decision fall short of the demands of due process because registrants are not provided a meaningful opportunity to be heard before an impartial decisionmaker.

18. In particular, when ISP sends a registrant a letter informing him that his registration period has been extended, the only option he is given to contest that decision is to request a "document review" by contacting the ISP.

19. When a registrant contacts the ISP to request such a review, there is no law or policy that requires the ISP to conduct a further investigation into whether the extension was proper.

5

20.     The Director leaves it up to the person who takes the registrant's call to decide whether any further investigation is warranted. The person who takes the call has the final say regarding whether the extension of the registration period was proper.

21.     There is no requirement that the decisionmaker interview witnesses, take a statement from the registrant, or review any documentary evidence in rendering a decision.

22.     There is no requirement that the decisionmaker inform the registrant of their decision or the basis for their decision in writing.

23.     Pursuant to ISP's policy, the registrant is not entitled to review the evidence relied upon by the local police department and/or the ISP in determining that he violated SORA.

24.     Pursuant to ISP's policy, a registrant's own testimony is considered categorically insufficient to overcome a law enforcement agency's determination that the registrant violated SORA. That is, unless the registrant has documentary evidence contradicting the police version of events, his own testimony that the police are mistaken cannot overcome the police department's determination that he violated SORA.

25.     When a review is conducted, the ISP employs a presumption of guilt and places the burden on the registrant to prove that they did not violate SORA.

26.     The Director has not imposed any timeframe within which a review must be completed or within which a decision must be rendered.

6

27. There is a section of the Illinois Administrative Code that, at least in theory, allows a registrant to petition for a more formal review of an administrative extension of his registration period. *See* 20 Ill. Admin. Code § 1200.30. However, registrants are not informed of this process. In fact, the extension letter tells the registrant that the only way to seek review is to petition ISP for an informal document review.

28. When concluding its document review, ISP does not inform the registrant to the right to petition for further review under the administrative code.

29. Despite ISP having issued approximately 3,800 administrative extension letters in the time period of January 2016 until May 2021, there has not been a single administrative hearing regarding administrative extension of a registration period since 2016.

30. Defendant's 30(b)(6) witness, Tracie Newton, who is the head of the ISP's Sex Offender Registration Unit, described administrative hearings pursuant to the Administrative Code as having been placed "on hold" by the ISP since 2016.

**Facts Relevant to Plaintiff McFarland**

31. Plaintiff Tommy McFarland was convicted in 2003 of attempted criminal sexual assault. At the time of the offense, McFarland was 19 years old.

32. Because of this conviction, McFarland was required to register as a sex offender for a period of ten years pursuant to 730 ILCS 150/7.

33. McFarland's registration period began on November 30, 2004. Accordingly, McFarland's registration period should have ended in November 2014.

7

34. McFarland has complied with the requirement to register and has never been convicted of a violation of SORA.

35. McFarland is still being required to register today because ISP has determined that McFarland failed to comply with SORA and extended his registration period pursuant to the challenged policy on numerous occasions, including most recently in 2019, 2021 and 2022.

36. McFarland has not been afforded a meaningful opportunity to contest the allegation that he failed to comply with SORA.

37. The following are the three most recent examples of administrative extensions without due process:

- On June 25, 2019, the Champaign County States Attorney charged Plaintiff McFarland with violation of SORA. ISP automatically extended McFarland's registration period for ten years without providing McFarland an opportunity to respond to or contest the allegations. On October 28, 2019, the States Attorney dismissed the charge. ISP did not change its conclusion that McFarland had violated SORA and was subject to a ten-year extension of his registration period;

- On June 1, 2021, the Champaign County States Attorney charged Plaintiff McFarland with violation of SORA. ISP automatically extended McFarland's registration period for ten years without providing McFarland an opportunity to respond to or contest the allegations. On December 14, 2021, the States Attorney dismissed the charge. ISP did not change its conclusion that McFarland had violated SORA and was subject to a ten-year extension of his registration period;

- On September 9, 2022, the Champaign Police Department alleged that McFarland violated SORA. On September 15, 2022, McFarland was charged with violation of SORA. The charge is currently pending and his next court date is November 29, 2022. Rather than waiting for the outcome of the criminal case to determine whether the State can meet its burden to prove that McFarland violated SORA, the ISP has already automatically extended McFarland's registration period for an additional

ten years without providing McFarland an opportunity to respond to or contest the allegations.

38. ISP did not provide McFarland a meaningful opportunity to contest the extension of his registration period prior to or after any of these extensions. McFarland denies that he violated SORA on any of these occasions.

39. Plaintiff McFarland undertook efforts to avail himself of the so-called "document review" process on two occasions before bringing this lawsuit.

40. On June 7, 2018, McFarland spoke to the ISP's Sex Offender Registration Unit by telephone. He informed ISP that he was never convicted of failing to register and contested the extension of his registration period.

41. The only thing ISP did in response was to call the Champaign police department and confirm that they had police reports for the dates that they alleged McFarland violated SORA. ISP accepted these police reports as conclusive proof that McFarland had violated his registration requirement and upheld the extension of his registration without affording him any further opportunity to be heard. ISP never sent McFarland a letter informing him of the results of their review, the basis for the decision, or of his right to seek further review of the decision.

42. On July 24, 2017, Mr. McFarland also attempted to avail himself of the "document review" process by sending ISP a fax with 32 pages of documents including registration forms demonstrating that he had registered his address in compliance with the law.

43. As far as Plaintiff knows, ISP never considered the fax that McFarland provided. The ISP never responded in writing to the documents that McFarland

9

faxed to ISP and never informed Mr. McFarland of his right to seek further review of the decision to uphold the extension of his registration period.

44. Because of his continued placement on the Illinois Sex Offender Registry, McFarland is subject to public opprobrium and reputational harm. In particular, his continued presence on the registry implies that he has been convicted of an offense or released from custody within the past ten years, which is untrue.

45. Moreover, McFarland is subject to substantial deprivations of liberty, which include, but are not limited to, in-person registration requirements; an annual $100 registration fee; surveillance by law enforcement personnel including "compliance checks" at his home; a requirement that he inform law enforcement if he plans to travel from his home for more than three days; a requirement that he inform law enforcement of his place of work and any changes in his employment; placement on other state's public registries if he travels to another state; and the potential for felony prosecution, fines and imprisonment if he fails to comply with any aspect of the registration law.

**Class Allegations**

46. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks certification of this complaint as a class action for the purpose of obtaining class wide injunctive and declaratory relief.

47. Plaintiff McFarland seeks to represent a class defined as follows:

- All individuals in the State of Illinois who are currently or in the future required to register as sex offenders due to criminal convictions that require registration for a period of ten years whose registration periods

10

have been extended by ISP without due process pursuant to the challenged policy.

48. The proposed class is numerous. According to information obtained in discovery in this case, the ISP issued 3,800 administrative extensions of registration periods during the time period of January 1, 2016 until May 7, 2021.

49. Joinder of all class members is impracticable. Not only is the class very numerous, but membership in the class is expanding as additional people are subject to extension of their registration periods without due process.

50. The core questions of law and fact are common to all class members and are appropriate for resolution on a class-wide basis, including but not limited to the following:

- What policy does ISP employ to determine whether an individual violated SORA and is thus subject to administrative extension of his registration period;

- Whether an individual whose registration period is extended pursuant to 730 ILCS 150/7 has an opportunity to contest the determination that he or she "fail[ed] to comply" with SORA;

- What are the consequences of having one's registration period extended for ten years;

- Whether the ISP's policy and practice for administratively extending registration periods violates the Fourteenth Amendment guarantee of procedural due process because it provides no procedurally safeguarded opportunity to contest the determination that one has "fail[ed] to comply" with SORA before or after his or her registration period is extended.

51. All individuals falling within the class definitions are subject to the same policy, thus a single injunction and declaratory judgment would provide relief to each member of the class.

11

52. Plaintiff McFarland will fairly and adequately represent the interests of the class; and his claims are typical of the claims of all members of the proposed class.

53. Plaintiff's counsel are experienced in civil rights litigation, including 23(b)(2) civil rights class actions challenging aspects of Illinois' sex offender registry and related restrictions. Plaintiff's counsel will fairly and adequately represent the interests of the class.

## COUNT I
## 42 U.S.C. §1983
## Fourteenth Amendment — Procedural Due Process

54. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

55. Because of Defendant's policy, Plaintiff has had his registration period extended and is currently subject to a requirement to register as a sex offender.

56. Placement on the sex offender registry causes reputational harm to Plaintiff. Placement on the sex offender registry also significantly alters Plaintiff's legal status and rights as described above.

57. Plaintiff has not been given a procedurally adequate opportunity to contest the Illinois State Police's determination that he violated SORA in any trial, hearing or other forum.

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) certify that this case may be maintained as a class action against Defendant pursuant to Fed. R. Civ. P. 23(b)(2);

12

(b) issue a declaratory judgment that the ISP's policy for administratively extending registration periods violates the Fourteenth Amendment guarantee of procedural due process;

(c) issue a permanent injunction requiring ISP to provide a meaningful, procedurally protected opportunity for individuals who are subject to extension of their registration periods to contest the allegation that they violated SORA;

(d) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(e) grant Plaintiff any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Adele D. Nicholas
/s/ Mark G. Weinberg
*Counsel for Plaintiff*

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net